**In re Anonymous No. 5 D.B. 74**

Disciplinary Board Docket no. 5 D.B. 74.

ARCHBOLD, *Board Member,* March 3, 1977 —
Pursuant to Rule 208(d) of the Pennsylvania Rules
of Disciplinary Enforcement (rules), the Discipli-
nary Board of the Supreme Court of Pennsylvania
(board) submits its findings and recommendations
to your honorable court with respect to the above
petition for discipline, no. 5 D.B. 74, against
respondent.

## I. HISTORY OF PROCEEDINGS

Respondent was found guilty of the criminal
charge of assault and battery on March 6, 1973, by a
judge sitting without a jury in a criminal action
brought in the Courts of [    ] County. After denial of
motions for a new trial, respondent was ordered to
pay the costs of prosecution and received a sus-
pended sentence.

On September 8, 1972, respondent was indicted
in [   ] County on charges of conspiracy to do an
unlawful act. On October 3, 1973, after a trial by
jury, respondent was adjudged guilty on the charge
of conspiracy and was found not guilty by the jury
as to other related charges on which he had also
been indicted.

On January 28, 1974, the Supreme Court of
Pennsylvania entered an order referring the
aforesaid convictions to the Disciplinary Board for
the institution of formal proceedings and also or-
dered and decreed that respondent be suspended
from the practice of law in the courts of this Com-
monwealth pending final disposition of these pro-

ceedings before the Disciplinary Board. The order further directed that formal proceedings before a hearing committee not be brought to a hearing until all appeals from the convictions were concluded.

On August 9, 1974, motions for new trial and in arrest of judgment on the conspiracy charge having been denied, sentence was imposed upon respondent: a fine of $500 together with costs of prosecution, and a jail term of 23 months. On January 8, 1976, the Superior Court issued an opinion affirming the judgment of sentence; subsequently, on May 27, 1976, respondent's petition for allowance of appeal was denied by the Supreme Court.

On June 2, 1976, respondent commenced serving his sentence at [   ] Prison. On July 2, 1976, after hearing, respondent's application for parole was granted effective the same date and petitioner was paroled for the balance of the term of imprisonment theretofore imposed, under the supervision of the Adult Probation Department of [   ] County.

On June 1, 1973, the U.S. Attorney for the [   ] District of Pennsylvania filed an information charging respondent with three counts of violations of the Internal Revenue Code of August 16, 1954, 68 A. Stat. 851, as amended, 26 U.S.C.A. §7203: Willful Failure to File Federal Income Tax Returns. On September 12, 1974, after a trial by jury, respondent was adjudged guilty of all three counts of violations. After respondent's motions for new trial and in arrest of judgment were denied, respondent was sentenced on January 23, 1975, at which time he received a suspended sentence and was placed on probation for a period of two years. On July 17, 1975, the United States Court of Appeals for the Third Circuit issued an order affirming the aforesaid judgment of the District Court.

It was stipulated by respondent's counsel at the time of hearing and in the pleadings that no further appeals were contemplated by petitioner.

A hearing was held before hearing committee [   ] comprised of [   ], Esquire, chairman, and [   ], Esquire, and [   ], Esquire, on November 3, 1976. That committee noted that respondent had already been suspended from the practice of law since January 28, 1974, and recommended inter alia that respondent be suspended for two years and nine months to have retroactive application to the date of the original order of suspension. Certain other recommended dispositions suggested by the hearing committee were formally waived by counsel for respondent as not being legally available under the rules. The hearing committee further recommended that if no retroactive suspension was legally possible, that it would recommend a suspension of no more than 30 days from the date of the hearing of November 3, 1976, and emphasized that it was the clear intent of the committee that respondent be given an opportunity to file a petition for reinstatement at the earliest possible date.

## II.  FINDINGS OF FACT

The board adopts the findings of fact of the hearing committee and the introductory paragraph thereto as follows:

"Since the conviction of the crimes is conclusive upon the hearing committee, the only issue before the committee was the extent of the discipline to be imposed upon respondent. For this purpose, the committee heard the evidence presented concerning the conduct of respondent before his various criminal convictions and his conduct subsequent to that time. The witnesses included respondent's

wife, his father, his employer, and the director of [ ] a rehabilitation center for alcoholics. After careful consideration of all of the evidence presented, the committee made the following findings of fact:

"1. The respondent has been an alcoholic since the age of eighteen years.

"2. In spite of various efforts to obtain treatment throughout his adult life, respondent remained an active alcoholic at least to the date of the commission of the crimes with which he had been charged.

"3. Subsequent to the commission of the aforesaid crimes, the respondent came under the influence of [A], Esquire, and as a result of counseling by Attorney [A], voluntarily entered [ ] in [ ], County, Pennsylvania for treatment of his alcoholism.

"4. As a direct result of treatment rendered at [ ], and subsequent association with Alcoholics Anonymous, respondent has remained sober from that date until the present.

"5. Respondent's attitude toward himself and toward others has changed drastically as a result of his sobriety.

"6. Although there is no guarantee that respondent may not again become an active alcoholic, his rehabilitation to this date has been remarkable and those witnesses who are knowledgeable about the problems involved have great confidence in his ability to remain sober hereafter.

"7. The respondent has great talent for the practice of law and is an extremely competent attorney. For some time he has been working in the office of Attorney [A] as an office manager and in the process of this occupation has remained current with the laws of Pennsylvania.

"8. Attorney [A] has offered respondent a posi-

tion in his firm as an attorney when he is reinstated to the practice of law."

## III. DISCUSSION

The hearing committee made the following observations with which the board agrees:

"Respondent, committed the various crimes with which he was charged. In addition to the sentences for each such charge, respondent was suspended from the practice of law as of January 28, 1974, by an order of the Supreme Court of Pennsylvania pending formal proceedings before a hearing committee of the Disciplinary Board. Because of the time required for appeals, the suspension has continued until the present.

"During this time, respondent made a successful effort to control his alcoholism and to rehabilitate himself. His family, his employer, and the director of [　] all spoke of him in most glowing terms as a changed man. The committee was most impressed with the witnesses and with respondent himself. Respondent has remained sober for more than two years and, moreover, during this time he has actively worked with Alcoholics Anonymous to help other persons suffering from alcoholism. He has found employment as a paraprofessional in a law office and, in addition, has worked part-time at other jobs to help support his family. All attempts by disciplinary counsel to find any indication of misconduct on respondent's part since he became sober several years ago have been unsuccessful. All of the testimony presented indicates that respondent has truly reformed, that he is an able and competent attorney, and that there is no present reason for concern about his professional conduct."

Respondent had been charged with regard to the

assault and battery case and the conspiracy case with violation of the following disciplinary rules of the code of professional responsibility:

"a. D.R. 1-102(A)(3) — Dealing with illegal conduct involving moral turpitude;

"b. D.R. 1-102(A)(4) — Dealing with conduct involving dishonesty, fraud, deceit or misrepresentation;

"c. D.R. 1-102(A)(5) — Dealing with conduct prejudicial to the administration of justice;

"d. D.R. 1-102(A)(6) — Dealing with conduct that adversely reflects on fitness to practice law."

With regard to respondent's conviction for failure to file his tax returns, respondent was charged with having violated the following disciplinary rules of the code of professional responsibility:

"a. D.R. 1-102(A)(3) — Dealing with engaging in illegal conduct involving moral turpitude;

"b. D.R. 1-102(A)(4) — Dealing with conduct involving dishonesty, fraud, deceit or misrepresentation;

"c. D.R. 1-102(A)(5) — Dealing with conduct prejudicial to the administration of justice; and

"d. D.R. 1-102(A)(6) — Dealing with conduct that adversely reflects on his fitness to practice law."

The board is particularly impressed with the testimony taken before the Honorable [B], Judge of the Court of Common Pleas of [ ] County, Pennsylvania on June 18, 1976, and the opinion of Judge [B] which is attached to respondent's answer to the petition filed by disciplinary counsel.

The opinion and order of Judge [B] dated July 2, 1976, make clear that the judge carefully weighed the testimony already referred to in the preceding findings of fact and found the testimony on these

various aspects of respondent's rehabilitation to be entirely credible and acceptable and Judge [B] has apparently never had reason to regret his granting of respondent's petition for parole since he released respondent from prison.

The board finds that respondent engaged in conduct that was violative of D.R. 1-102(A)(5) and (6) as to Charge I and violative of D.R. 1-102(A)(3) and (6) as to Charge II.

## IV. RECOMMENDATION

It is the recommendation of this board that the recommendation of the hearing committee (which acted upon the recommendation of the disciplinary counsel) that respondent be suspended from the practice of the law for a period of two years and nine months be adopted. It is the further recommendation of the board that the order of suspension be made retroactive to the original order of the Supreme Court of Pennsylvania dated January 28, 1974. The board joins in the suggestion of the hearing committee that it would be appropriate to give respondent the opportunity to file a petition for reinstatement at an early date in view of the more than three years of suspension which respondent has already undergone.

## ORDER

EAGEN, C.J. — And now, March 23, 1977, the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania, dated March 3, 1977, is hereby approved; and it is orderd, that respondent of [    ] County, be, and he is forthwith suspended from the practice of the law for a period of two years and nine months; such suspension to be made retroactive to the order of suspension of the Supreme Court dated January 28, 1974. Respondent is given the opportunity to file a petition for reinstatement at an early date.